UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:26-cv-00082-KDB

| | |
|---|---|
| XAVIER ANTHONY, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ) <br> KANNAPOLIS POLICE ) <br> DEPARTMENT, et al., ) <br> ) <br> Defendants. ) <br> ) | **MEMORANDUM OF** <br> **DECISION AND ORDER** <br> **ON INITIAL REVIEW** |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, [Doc. 1], filed under 42 U.S.C. § 1983. See 28 U.S.C. §§ 1915(e) and 1915A. Plaintiff is proceeding in forma pauperis. [Docs. 2, 5].

### I. BACKGROUND

Pro se Plaintiff Xavier Anthony ("Plaintiff") is currently detained at the Cabarrus County Jail in Concord, North Carolina. On January 29, 2026, he filed this action pursuant to 42 U.S.C. § 1983 against the Kannapolis Police Department ("Kannapolis PD"); J.D. Vanskiver, identified as a Kannapolis PD Investigator; Gordon Belo, identified as Public Defender and Plaintiff's attorney; the Charlotte-Mecklenburg Police Department ("CMPD"); and the Cabarrus County Sheriff Department. [Doc. 1]. Plaintiff sues Defendant Belo in his individual capacity and fails to allege that capacity in which he sues Defendant Vanskiver. [Id. at 3, 7].

Plaintiff alleges as follows. Defendant CMPD named the Plaintiff as a suspect in a March 16, 2025 crime (the "CMPD case") and implicated Plaintiff's involvement in a similar March 9, 2025 crime in Kannapolis, North Carolina. Plaintiff was charged in the CMPD case, but it was

later dismissed on August 15, 2025. Defendant Vanskiver presented evidence from the CMPD case, and Defendant Kannapolis PD issued a warrant for Plaintiff's arrest for the March 9, 2025 crime. Plaintiff was wrongfully accused by the CMPD, which led to his being wrongfully accused and arrested by the Defendant Cabarrus County Sheriff Department. Plaintiff was then detained by the Cabarrus County Sheriff Department and held unlawfully based on insufficient evidence. While detained at the Cabarrus County Detention Center, Plaintiff's correspondence with his lawyer, Defendant Belo, was read. Defendant Belo is unreliable, does not respond to Plaintiff's requests, is providing ineffective assistance of counsel, and has a terrible reputation. [Id. at 7-10].

Plaintiff purports to state claims for unlawful detainment, due process and attorney client privilege violations, and deprivation of "life [and] liberty." [Id. at 4]. For injuries, Plaintiff claims to have suffered emotional distress, anxiety, depression, and having missed medical appointments for his sickle cell disease while detained. [Id. at 9]. For relief, Plaintiff seeks monetary and injunctive relief, including dismissal of his pending charges. [Id.].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore,

2

a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166, 143 S.Ct. 1444 (2023).

### A. Cabarrus County Sheriff Department

The Office of Sheriff is not liable under § 1983 for an employee's acts "unless action pursuant to official municipal policy of some nature caused [the] constitutional tort." Collins v. City of Harker Heights, 503 U.S. 115, 120-21, 112 S.Ct. 1061, 1066 (quoting Monell v Dep't of Soc. Servs. of the City of New York, 436 U.S. 658, 691, 98 S.Ct. 2018, 2036 (1978))). That is, "[f]or a governmental entity to be liable under section 1983, the official policy must be the moving force of the constitutional violation." Moore v. City of Creedmoor, 345 N.C. 356, 366, 481 S.E.2d 14, 21 (1997) (internal quotation marks and citations omitted). "Thus, the entity's 'policy or custom' must have played a part in the violation of federal law." Id. (quoting Monell, 436 U.S. 658, 694, 98 S.Ct. at 2037-38). Here, Plaintiff has not alleged that a Cabarrus County Sheriff Department policy or custom resulted in the violation of federal law. The Court, therefore, will dismiss this Defendant.

### B. Police Department Defendants

A police department is not a municipal entity subject to Monell liability under North Carolina law. See Smith v. Munday, 848 F.3d 248, 256-57 (4th Cir. 2017) (citing Ostwalt v. Charlotte-Mecklenburg Bd. Of Educ., 614 F.Supp.2d 603, 607 (W.D.N.C. 2008); Wright v. Town of Zebulon, 202 N.C. App. 540, 688 S.E.2d 786, 789 (2010)). Plaintiff, therefore, has failed to state a claim against the Kannapolis PD or the CMPD. The Court will dismiss these Defendants.

### C. Defendant Belo

"[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk County v. Dodson, 454 U.S., 325 (1981). As such, Plaintiff has failed to state a § 1983 claim against Defendant Belo. Plaintiff must raise the issue of ineffective assistance of counsel, if at all, in his state criminal proceedings. The Court, therefore, will also dismiss Defendant Belo.

### D. Defendant Vanskiver

To the extent Plaintiff intends to state a claim against Defendant Vanskiver, a state official, in his official capacity, he has failed. "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." Will v. Dep't of State Police, 491 U.S. 58, 71 (1989). Because a state is not a "person" under § 1983, state officials acting in their official capacities cannot be sued for damages thereunder. Allen v. Cooper, No. 1:19-cv-794, 2019 WL 6255220, at *2 (M.D.N.C. Nov. 22, 2019). Furthermore, the Eleventh Amendment bars suits for monetary damages against the State of North Carolina and its various agencies. See Ballenger v. Owens, 352 F.3d 842, 844-45 (4th Cir. 2003). As such, Plaintiff's claim against Defendant Vanskiver in his official capacity does not survive initial review and will be dismissed.

Furthermore, Plaintiff has failed to state a claim for relief against Defendant Vanskiver in any event. Plaintiff alleges only that Defendant Vanskiver presented evidence from the CMPD case which supported charges against Plaintiff for a similar crime for which Plaintiff was arrested but which Plaintiff alleges he did not commit. These vague and conclusory allegations do not state a cause of action under § 1983 or otherwise. See Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"); Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient); Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim).

Moreover, it appears here that Plaintiff's claims are barred by Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the United States Supreme Court held as follows:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. <u>A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.</u> Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

Id. at 486-87 (footnotes omitted; emphasis added). Here, given the nature of the allegations in the Complaint, a judgment in Plaintiff's favor would necessarily imply the invalidity of any conviction

or sentence in the remaining underlying criminal matter and Plaintiff has not alleged that a conviction has been reversed or otherwise invalidated. Therefore, his Complaint appears to be barred by Heck. The Court, therefore, will allow Plaintiff to amend his Complaint to show that it is not Heck-barred and to otherwise state a claim for relief.

## IV. CONCLUSION

In sum, Plaintiff's claims will be dismissed on initial review for Plaintiff's failure to state a claim for relief. The Court will allow Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to show that Heck does not apply and to otherwise properly state a claim for relief. Should Plaintiff fail to timely amend his Complaint, this action will be dismissed without prejudice and without further notice to Plaintiff.

## **ORDER**

**IT IS, THEREFORE, ORDERED** that Plaintiff shall have thirty (30) days in which to amend the Complaint in accordance with the terms of this Order. If Plaintiff fails to amend the Complaint in accordance with this Order and within the time limit set by the Court, this action will be dismissed without prejudice and without further notice to Plaintiff.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint will be **DISMISSED** on initial review for Plaintiff's failure to state a claim for relief.

**IT IS FURTHER ORDERED** that all Defendants are hereby **DISMISSED** as Defendants in this matter.

The Clerk is respectfully instructed to mail Plaintiff a blank Section 1983 form.

6

Case 3:26-cv-00082-KDB   Document 6   Filed 02/23/26   Page 6 of 7

**IT IS SO ORDERED**.

Signed: February 21, 2026

Kenneth D. Bell
United States District Judge